IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                        Case Nos.:        3:06cr445/LAC
                                                            3:10cv23/LAC/EMT

RAMON MAURICE SINGLETON

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum in support thereof (docs. 171, 174).  The Government has filed a response in opposition (doc. 177), and Defendant has filed a reply (doc. 185).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b),

## I.  BACKGROUND

Defendant Ramon Maurice Singleton and co-defendant Natelisha Tennille Jackson were charged in a two-count indictment with conspiracy to possess with intent to distribute 50 grams or more of cocaine base (count one) and possession with intent to distribute 50 grams or more of cocaine base (count two) (doc. 3).  The facts underlying the offense conduct are set forth in detail in the Government's Response to Defendant's § 2255 motion and need not be repeated at length herein (doc. 177 at 3–15).  In short, law enforcement entered a convenience store trying to locate an individual thought to be driving a vehicle matching the description of the lone vehicle in the store

parking lot, and arrested Defendant after learning that there was a warrant for his arrest.  A drug dog alerted on the vehicle and it was opened.  Officers discovered drugs, paraphernalia and other items which ultimately led them to a hotel room occupied by co-defendant Jackson.  There they found crack cocaine cookies, powder cocaine, and a significant amount of cash hidden under the bed, along with a burner unit, a box of baking soda, sandwich bags and electronic scales.

Defendants were tried separately due to Defendant's flight.  After his apprehension, he was represented by appointed counsel Elizabeth Amond (doc. 49).  His trial was conducted on April 23 and 24, 2007, and Defendant was found guilty on both counts of the indictment (docs. 84, 129, 130).  His motion for judgement of acquittal (doc. 88) was denied (doc. 97).

Defendant was sentenced on July 10, 2007, to a term of 364-months imprisonment on each count (docs. 100; 105; 143 at 19).  His sentence was calculated using a base offense level of 36, with a two-level adjustment for his role in the offense, and a criminal history category of IV.[1]  The applicable guidelines range was 324–405 months.  The court overruled Defendant's objection to the calculation of his base offense level[2] and the adjustment for his leadership role in the offense conduct (doc. 143 at 17).  When offered the opportunity to speak before the court imposed sentence, Defendant said that he was not happy with his representation by Ms. Amond, to which the court responded that it "would only note that most defendants who are found guilty always have some problem with the attorney" (*id.* at 18).  There was no indication that the court agreed with Defendant's comment.

On appeal, again represented by Ms. Amond, Defendant argued that the district court had erred in admitting hearsay testimony of an officer relaying an interview he had with Defendant's co-defendant/girlfriend, and in admitting evidence of Defendant's flight after posting bond for his arrest, and that his conviction should be reversed under the cumulative error doctrine (doc. 164 at 4).  With respect to his sentence, he asserted that the district court committed clear error with regard

---

[1] Under the 2006 Guidelines Manual, which was applicable in Defendant's case, the base offense level for a defendant who is responsible for at least 500 grams but less than 1.5 kilograms of crack cocaine is 36 (*see* doc. 164 at 7).

[2] Counsel argued that Defendant should have been held accountable only for the cocaine and cocaine base actually recovered, not for the amount of cocaine base into which the seized cocaine could have been converted.

to its determination of the amount of crack cocaine present, its determination of Defendant's "leadership" role in the conspiracy, and its decision to impose a significantly more severe sentence on Defendant than on co-defendant Jackson (*id.* at 4–5).  The Eleventh Circuit affirmed Defendant's conviction, finding that if any error occurred it was harmless and that the cumulative error doctrine was unavailing (*id.* at 5–6).  It found no error in the substantial sentencing difference between Defendant and co-defendant Jackson, or the application of the two-level role adjustment (*id*. at 6). It did, however, find error in the district court's calculation of the quantity of crack cocaine attributable to Defendant, ruling that the evidence was insufficient to support a finding that Defendant intended to convert all of the powder discovered in the motel room into crack cocaine (*id.* at 7–8).  It specifically found that at most Defendant should have been held accountable for 267.74 net grams of cocaine, and it vacated his sentence and remanded for re-sentencing (*id.* at 8).

The PSR was revised to reflect a total offense level of 34 and a criminal history category of IV.  The revised applicable guidelines range was 210 to 262 months.  Defendant was re-sentenced on January 27, 2009, to a term of 240-months imprisonment on each count (docs. 169; 176 at 3). This sentence was subsequently reduced to 189-months imprisonment after the court granted Defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) (docs. 193, 194, 195).  Defendant did not appeal, instead filing the instant motion to vacate on January 15, 2010[3] (doc. 171).

Defendant separates his claims into three grounds for relief on his § 2255 form, contending in each that counsel's performance was constitutionally ineffective.[4]  The Government opposes the motion in its entirety.

---

[3] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

[4] There is less delineation in the claims as presented in Defendant's memorandum, and the arguments contain significant overlap.

## II.  LEGAL ANALYSIS

<u>General Standard of Review</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; <u>Thomas v. Crosby</u>, 371 F.3d 782, 811 (11th Cir. 2004); <u>United States v. Phillips</u>, 225 F.3d 1198, 1199 (11th Cir. 2000).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994); <u>United States v. Rowan</u>, 663 F.2d 1034, 1035 (11th Cir. 1981); <u>Hidalgo v. United States</u>, 138 Fed. Appx. 290 (11th Cir. 2005).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  <u>Nyhuis</u>, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  <u>Sanders v. United States</u>, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  <u>Lynn</u>, 365 F.3d at 1234–35; <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998); <u>Mills v. United States</u>, 36 F.3d at 1055 (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual

development"); United States v. Frady, 456 U.S. 152, 165 (1982).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503 (2003); see also United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010).  The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland v. Washington, 466 U.S. 668, 686 (1984).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  Id., 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Gaskin v. Secretary, Dept. of Corrections, 494 F.3d 997, 1002 (11th Cir. 2007).  In applying Strickland, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."  Id. at 688; see also Dingle v. Secretary for Dept. of Corrections, 480 F.3d 1092, 1099 (11th Cir. 2007).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance."  Yordan, 909 F.2d at 477 (citing Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); Dingle, 480 F.3d at 1099; Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).

Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315 (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." Id.

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); United States v. Ross, 147 Fed. Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would

have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dept. of Corrections, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

Ground One: Failure to advocate effectively at sentencing

Defendant's memorandum (doc. 174) appears to be a general "form" memorandum prepared for use by multiple individuals in which his name has merely been filled in the appropriate blanks. As such, his claims are not factually supported by the record. For instance, he claims with respect to ground one that:

> counsel would not participate in the [sentencing] proceedings.  Also, she or he said
> nothing throughout the sentencing hearing, by his or her own admission, she or he
> did not offer a shred of mitigating evidence, object to (or consult with her or his
> client about) errors in the PSR, or even lobby for a sentence lower than the the one the
> defendant receive [sic].

(doc. 174 at 7).  Defendant's assertion that counsel did nothing or made no objections is blatantly false.  In fact, counsel made an objection to drug quantity that, although rejected by the district court, was ultimately the basis for overturning Defendant's sentence on appeal (doc. 143 at 2–3).  Additionally, counsel objected to the leadership adjustment both before the sentencing court and on appeal.  She also cross-examined the Government's witnesses and objected during redirect examination at the sentencing proceeding (doc. 143 at 12–16).  Finally she noted Defendant's lack of prior drug convictions (*id.* at 18).  Defendant offers no specific suggestion as to things that counsel could or should have done that might have resulted in a more favorable outcome.

Defendant's "fill in the blank memorandum" also includes assertions relating to his role in the offense and his personal substance abuse that are unsupported by the record.  For instance he characterizes himself as a "bottom of the barrel narcotic dealer, involved in the smallest amounts of cocaine available on the streets," and repeatedly refers to his "addiction" to cocaine (doc. 174 at 10–11), although he denied use of illegal substances other than marijuana in his interview with the probation officer and described himself as a "social drinker" (*see* PSR at ¶ 63).  Counsel would have been derelict in her role as an officer of the court if she presented false information to the court in an attempt to gain sentencing leniency for her client.  Defendant has not shown that counsel's performance at sentencing was in any way deficient, much less constitutionally ineffective.

In his reply memorandum Defendant asserts for the first time that counsel should have challenged the introduction of his co-defendant's testimonial statements at trial.  The introduction of statements made by co-defendant Jackson via the introduction of hearsay testimony was challenged unsuccessfully on appeal (*see* doc. 164 at 4–5).  As noted *supra*, this court need not reconsider issues which have been resolved on direct appeal.  Nyhuis, 211 F.3d at 1343.

Ground Two:  Failure to investigate the 100:1 ratio

In his second ground for relief, Defendant claims that his sentence was unduly harsh, that counsel failed to object to a guideline range based on a 100 to 1 powder to crack cocaine ratio, and

that he should be re-sentenced using a 20 to 1 ratio.  Defendant's citation to Kimbrough v. United States, 552 U.S. 85 (2007) is inapposite, as Kimbrough does not require district courts to either follow or depart downward from the 100 to 1 ratio.  See 552 U.S. at 108–11.  Therefore, counsel was not constitutionally ineffective, because Strickland does not require counsel to preserve or argue a meritless claim.  See Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).  As noted above, Defendant's sentence was further reduced to 189-months imprisonment on each count in April of 2012, due to the "Crack Cocaine Amendment" (U.S.S.G. Amendment 750). The fact of the further sentence reduction has no relation to the issue of counsel's competence, since this amendment did not become effective until November 1, 2011, well after Defendant's sentencing and the filing of the instant § 2255.

Next, to the extent Defendant contends that the court believed the guidelines to be mandatory, and counsel should have objected to this mistaken belief, it is he who is mistaken.  The court specifically stated at both sentencing and re-sentencing that the sentence imposed was "near the midpoint of the *recommended range ...* considered by the *advisory guidelines*" (doc. 143 at 19, doc. 167 at 3).   The court also expressly stated that it considered the factors enumerated in 18 U.S.C. § 3553(a) in fashioning the mid-guidelines range sentence (docs. 143 at 19; 167 at 4).  There was no basis for an objection, and counsel's performance was not constitutionally ineffective.

Ground Three: Failure to investigate PSI or make a Constitutional Objection to Crack Cocaine

In Defendant's third claim for relief , he appears to suggest that counsel should have objected to a finding that the controlled substance in question was crack cocaine, rather than some other form of cocaine base.  There was no factual basis to make such an objection and, again, counsel was not

ineffective for failing to make a meritless objection. To the extent Defendant makes a bald assertion that counsel failed to investigate the PSR, he has failed to show what investigation should have been made and how such investigation would have altered the outcome of the proceedings against him.

In conclusion, Defendant's claims are vague, conclusory or factually and legally without merit.  He has failed to show either that counsel acted in a manner that was professionally unreasonable or that he was prejudiced by her actions or inactions.  Thus, he is not entitled to relief and his motion should be denied.

## Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (doc. 171) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 2nd day of July 2012.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).